Justin M. Gillman, Esq. (038891997)
**GILLMAN CAPONE LLC**
770 Amboy Avenue
Edison, New Jersey 08837
(732) 661-1664 (Tel.)
(732) 661-1707 (Fax)
ecf@gillmancapone.com (E-Mail)
Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 13 |
| **RICHARD L. CHRISTMAS, JR.** | Case No. 26-11206-EJO |
| Debtor(s) | |
| | Hearing Date: April 8, 2026 |
| | Judge: Hon. Eamonn J. O'Hagan |

**LIMITED RESPONSE TO TRUSTEE'S OBJECTION**

The Debtor, Richard L. Christmas, Jr. (the "Debtor"), by and through undersigned counsel, submits this limited response to the Trustee's objection with respect to the valuation of the Debtor's residence.

**Background**

1.      The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on February 2, 2026 (the "Petition Date").

2.      The Debtor is an owner of his residence located at 344 Lunar Road Piscataway, NJ 08854 (the "Property").

3.      The Debtor's Plan was filed on February 13, 2026 [Docket 11] (the "Plan"). The Plan proposed to make payments of $500 for 36 months with a pro rata dividend to general unsecured creditors filing allowed claims.

4.      On March 5, 2026, the Chapter 13 Trustee filed an Objection to Confirmation of the Plan [Docket 17] (the "Trustee Objection"). The Trustee Objection indicated that the Plan "provides for payment on unsecured claims of less than that which would be distributed upon liquidation under Chapter 7, as prohibited by 11 U.S.C. § 1325(a)(4): -There is $32,072.00 non-exempt equity in house.  Need proof this is affordable housing with a Deed restriction to adjust the value of the home."

5.      The Trustee Objection and calculation of non-exempt equity in the Property appears to rely upon an unrestricted market value for the Property.

6.      The Property was originally conveyed to the Debtor by deed dated November 29, 1993, and recorded in the Middlesex County Clerk's Office. That deed expressly provides that the conveyance is subject to the Township of Piscataway's Affordable Housing Ordinance and related program documents, including restrictions governing resale and ownership of the unit. These restrictions run with the land and are binding upon all subsequent owners.  The Debtor subsequently conveyed an interest in the Property to himself and his spouse by deed dated August 23, 2022, also recorded in the Middlesex County Clerk's Office, which reaffirmed that title remains subject to all restrictions of record, including the affordable housing controls.

7.      The Property is the subject of two (2) mortgage liens:

a. The first mortgage, held by Rocket Mortgage, LLC, is in the amount of approximately $143,177.23 and is secured by a recorded lien against the Property.

b. The second mortgage/home equity line of credit, held by Flagstar Bank, N.A., is in the amount of approximately $15,372.88, also secured by a lien against the same Property.

- 2 -

4924-3578-1277, v. 1

8.      Therefore, the mortgage liens on the Property exceed $158,000, exclusive of any municipal recapture or repayment obligations arising from the affordable housing restrictions.

9.      The recorded deed further establishes a municipal recapture mechanism in favor of the Township, including a lien or repayment obligation for any windfall profit realized upon resale, with such value determined pursuant to the governing affordable housing program rather than open market conditions.  These restrictions arise under New Jersey's statutory affordable housing framework, including the Fair Housing Act, N.J.S.A. 52:27D-301 et seq., which authorizes municipalities to impose resale controls and enforce affordability restrictions that limit the marketability and value of such units.

10.     On or around February 17, 2026, the Debtor, through counsel, formally requested a determination of the Maximum Resale Price and any applicable recapture obligations from both the Township of Piscataway and its Administrative Agent, Piazza & Associates, including submission of the required request form. Despite these efforts and follow-up communications, no response has been received to date.

11.     Accordingly, the Property cannot be sold at unrestricted market value, and to the extent that the Trustee Objection is based on market-rate comparable sales, this does not accurately represent the value which would be applicable pursuant to 11 U.S.C. § 1325(a)(4).

12.     The Debtor is in the process of seeking a response to the valuation request or, in the alternative, obtaining an independent valuation of the Property subject to the applicable deed restrictions.

- 3 -

**WHEREFORE**, the Debtor respectfully requests that the Trustee Objection, to the extent it is based upon an unrestricted market valuation of the Debtor's residence, be overruled, or alternatively that the matter be adjourned to permit the Debtor to supplement the record with evidence of the Property's restricted value.

**GILLMAN CAPONE LLC**
Attorney(s) for the Debtor
*Richard L. Christmas, Jr.*

Dated: <u>April 2, 2026</u>          By:<u>/s/  *Justin M. Gillman*          </u>
                                         Justin M. Gillman, Esq.

4924-3578-1277, v. 1